IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL ALVAREZ

Plaintiff

vs                                                          CIVIL 10-2247CCC

MICHAEL J. ASTRUE, Commissioner of
the United States Social Security
Administration; ERICK Holder, Attorney
General, U.S. Department of Justice;
JACQUELINE Berrier, Chairman of
U.S. Equal Employment Opportunity
Commission; DEBORAH
MIRON-CHIRLUSON, Director of Regional
Operations and Chief Administrative Law
Judge; BEATRIZ DISMAN, SSA New York
Regional Commissioner; HUGO
CORDOVA, SSA Area Director; MARIA Z.
MALDONADO, SSA Supervisor Area and
Acting Area Director, Area 4; LUZ E.
DELGADO, SSA District Manager of the
San Juan District Office; AWILDA
MONTALVO, SSA Administrative Assistant,
Area 4; MIGUEL NEGRON, SSA Caguas
District Manager; ANA V. GONZALEZ, Area
Director ALJ San Juan Office; SANDRA J.
SQUIRE, Administrative Law Judge;
ROSA EMILIA RODRIGUEZ, U.S. Attorney
for the San Juan District; SUSAN
WEYENBERG, Personnel Specialist,
SSA Region II (N.Y.)

Defendants

## OPINION AND ORDER

The action came before us on a Motion to Dismiss filed on February 16, 2011 by
defendant Jacqueline A. Berrier (**docket entry 6**), based on the fact that the complaint
contains no allegations regarding her, or the Equal Employment Opportunity Commission
with which she is employed. Almost three months after the response was due, *pro se* plaintiff
Alvarez has filed a "Motion in Opposition to EEOC Motion to Dismiss" (docket entry 14) on
May 31, 2011, and an "Addendum to Motion in Opposition to EEOC Motion to Dismiss" on
June 2, 2011 (docket entry 15).

CIVIL 10-2247CCC                                2

    Berrier's dismissal motion is grounded on the contentions that (1) the complaint contains no allegations against her or the EEOC; (2) that the statutes and regulations on which plaintiff bases his complaint do not afford this Court subject matter jurisdiction over his claims against the EEOC ; (3) that the service of process was insufficient in that the United States Attorney's Office for the District of Puerto Rico was not served, and (4) that Alvarez "previously filed a complaint against the Social Security Administration and the EEOC on July 24, 2008 (08-1813-SEC), and that complaint was dismissed with prejudice on May 19, 2009 on res judicata grounds."  Motion to Dismiss, at 1.

    The first paragraph of Alvarez' complaint avers he is a male employee of the Social Security Administration (SSA) and that defendants have violated his rights under the Constitution and laws of the United States and Puerto Rico; that he "has suffered sex, age, political, disparate treatment, and retaliation discrimination while employed by SSA...." He goes on to cite various sections of the United States Code and Code of Federal Regulations, the Age Discrimination [in Employment] Act and invokes supplementary jurisdiction for a claim under Article 1802 of the Civil Code of Puerto Rico.  Alvarez does not state whether he timely filed an administrative charge with the EEOC for those claims requiring exhausting of administrative remedies, and whether a right-to-sue notice was issued.

    A review of the Court's docketing system reflects that plaintiff has, in fact, filed four other complaints based on essentially the same facts, all of which have been dismissed with prejudice:

    (1)   <u>Alvarez v. United States of America; Commissioner of Social Security</u>, Civ. 00-1280 (JAF), filed March 2, 2000, dismissed March 5, 2002;

    (2)   <u>Alvarez v. United States of America; Susanne Marshal</u>, Civ. 03-1225(SEC), filed March 4, 2003, dismissed September 23, 2004;

    (3)   <u>Alvarez v. Commissioner of Social Security</u>, Civ. 04-2346(PG), filed December 7, 2004, dismissed August 8, 2005; and

CIVIL 10-2247CCC                              3

(4)   Alvarez v. Commissioner of Social Security, et. al., Civ. 08-1813 (SEC), filed

July 24, 2008, dismissed May 19, 2009.  Alvarez's appeal from this judgment

was docketed as Civ. No. 09-2544, on November 23, 2009 and Judgment

dismissing the appeal was entered on December 6, 2010.  With regard to this

case, the Court of Appeals stated:

> We note that even if the notice of appeal had been timely
> filed after the entry of final judgment dismissing appellant's
> complaint, the district court's determination that the doctrine of
> res judicata required dismissal of the complaint–his third action
> alleging discrimination and retaliation by the Social Security
> Administration and flawed administrative review by the Merit
> Systems Protection Board and Equal Employment Opportunity
> Commission–is fully supported by the record and the relevant
> precedent, as explained in the district court's well-reasoned
> opinion.

First Circuit Court of Appeals Judgment, Civ. 08-1813 (SEC), docket entry 43.

**PLEADING STANDARDS**

While *pro se* pleadings are held to less demanding standards than those drafted by

attorneys, and courts should endeavor, within reasonable limits, to guard against the loss

of *pro se* claims due to technical defects, Dutil v. Murphy, 550 F.3d. 154, 158 (1st Cir. 2008),

their *pro se* status does not relieve them of their responsibility to comply with procedural

rules.  Sutliffe v. Epping School District, 584 F.3d. 314, 321 (1st Cir. 2009); Samini v. Tyco

Healthcare/Ludlow/Kendall-Ludlow, Technical Products, LTP, 157 Fed. Appx. 319, 320

(1st Cir. 2005).

Under Fed. R. Cv. P. 8(a)(2), a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."  While the rule does not require

a detailed factual allegation, it does demand more than an unadorned, "the

defendant-unlawfully-harmed-me" accusation.    Iqbal v. Ashcroft, 129 S.Ct. 1937,

1949 (2009).  A pleading that offers labels and conclusions or a formulaic recitation of the

CIVIL 10-2247CCC                                    4

elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

        To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2008).  The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u>, at 556.

        The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, doe not suffice.  <u>Twombly</u>, <u>supra</u>, at 555.


**ANALYSIS**

        The only mention of defendant Berrier and the EEOC is found under the heading "Parties" at page four, ¶11 where it is stated: "At all times relevant to and in the actions described herein, Jacqueline Berrier, acting under the Authority as Chairman of [   ] the U.S. Equal Employment Opportunity Commission, and Ana V. González acting under the authority as Area Director ALJ San Juan Office."  There are no allegations whatsoever against Berrier or the agency, nor any further mention of either in the complaint.

        Plaintiff's opposition (docket entry 14) focuses on  the actions of Judge Ana V. González in handling Alvarez' complaint No. 160-A3-8404X before the EEOC.  His narration refers to events occurring in 2002, 2003 and 2004, references his previous cases in this Court, and appears to be seeking, in part, judicial review of Judge González' decision.  The first five exhibits to this opposition, which are typical of the total of 18 submitted, are the following:

        (1)      Motion to Motion to Show Failure to Afford Due Process filed before the Court
                  of Appeals for the First Circuit Civ. 09-2544 on March 14, 2010.

CIVIL 10-2247CCC                              5

> (2)    Letter from the EEOC acknowledging receipt of his complaint of discrimination filed December 27, 2001.
>
> (3)    An Investigator's Memorandum to File dated May 30, 2002.
>
> (4)    Plaintiff's Request for Discovery addressed to the Social Security Administration dated July 19, 2003.
>
> (5)    Submission of Document to the EEOC dated February 6, 2004.

The remaining 13 exhibits include 11 documents filed with the EEOC from February through August, 2004; the March 5, 2002 judgment in this Court's case, Alvarez v. Astrue, Civ. 00-1280 (JAF) dismissing Alvarez' action; and a "Motion to Assume Jurisdiction of Complaints" addressed to the First Circuit in Alvarez v. Astrue, Civ. 09-2544.  Plaintiff's supplemental motion, (docket entry 15) argues that the Social Security Administration was properly served.

As can be seen the materials submitted which Alvarez contends relate to the case before us are part of earlier administrative cases, and/or were or could have been presented in his previous actions before this Court.  That is, we find no allegations of fact that would warrant allowing amendment of the complaint to try to state a viable claim against the movant.

For the above-stated reasons, the Motion to Dismiss filed by defendant Jacqueline A. Berrier  (**docket entry 6**), is GRANTED and the action against her is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on July 7, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge