IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL ALVAREZ<br><br>Plaintiff<br><br>vs<br><br>MICHAEL J. ASTRUE, Commissioner of the United States Social Security Administration; ERICK Holder, Attorney General, U.S. Department of Justice; JACQUELINE Berrier, Chairman of U.S. Equal Employment Opportunity Commission; DEBORAH MIRON-CHIRLUSON, Director of Regional Operations and Chief Administrative Law Judge; BEATRIZ DISMAN, SSA New York Regional Commissioner; HUGO CORDOVA, SSA Area Director; MARIA Z. MALDONADO, SSA Supervisor Area and Acting Area Director, Area 4; LUZ E. DELGADO, SSA District Manager of the San Juan District Office; AWILDA MONTALVO, SSA Administrative Assistant, Area 4; MIGUEL NEGRON, SSA Caguas District Manager; ANA V. GONZALEZ, Area Director ALJ San Juan Office; SANDRA J. SQUIRE, Administrative Law Judge; ROSA EMILIA RODRIGUEZ, U.S. Attorney for the San Juan District; SUSAN WEYENBERG, Personnel Specialist, SSA Region II (N.Y.)<br><br>Defendants | CIVIL 10-2247CCC |

**OPINION AND ORDER**

This action filed *pro se* by Manuel Alvarez, an employee of the United States' Social Security Administration (SSA), alleges that he "has suffered sex, age, political, disparate treatment and retaliation discrimination while employed by the SSA . . ." Complaint, at 1 (docket entry 1). He invokes the Civil Rights Act, 42 U.S.C. § 2000, 5 U.S.C. § 2302iii1(a),(b)(4) and (5), 5 U.S.C. § 7701(c)(2), the Age Discrimination in Employment Act (ADEA), an assortment of federal regulations, and Article 1802 of the Civil Code of Puerto Rico.

CIVIL 10-2247CCC                                        2

After dismissing ten defendants for failure to serve process within the 120 days allowed by Fed. R. Civ. P. 4(m) (docket entry 18), and another defendant for failure to state a claim (docket entry 26), the three remaining defendants are Michael J. Astrue, Commissioner of Social Security; Erick Holder, Attorney General, United States Department of Justice; and Deborah Miron Chirluson, Director of Regional Operations and Chief Administrative Law Judge for the Merit System Protection Board.

Given the highly confusing pleadings of plaintiff's complaint, the Court, *sua sponte*, proceeds to assess whether it complies with Fed. R. Civ. P. 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  The facts that can be gleaned from the complaint are as follows:

Alvarez avers discrimination in ¶1 at page 5 of the Complaint (docket entry 1): "Based on Age, Political Discrimination, Disparate Treatment when the position of Social Insurance Specialist (AAA) GS-0105-13, posted under vacancy announcement SN-220469-09-R0II-105, was cancelled on February, 2009."  Under the same section, plaintiff presents what he calls background material. Discussing audits of the Department of the Family (ASSUME), a state government agency, plaintiff claims that Social Security retaliated against him by lowering his evaluation for exposing fraud and dereliction of duties by Ms. Awilda Montalvo, an administrative assistant of the Area Office, who intervened in the 2007 audit.  Montalvo competed with Plaintiff for a position.  The selecting officers decided to close the position.  None of the plaintiffs were among those officers, nor is it alleged that they had anything to do with Montalvo's promotion to a position with a rating of GS13.  Id., at 5-7.

Plaintiff next alleges in ¶2 that he intended to file for the position of supervisory Contact Representative and attempted to file his apply through the computerized system from August 25-26, 2008, but was unsuccessful due to a glitch in the system, so he e-mailed

CIVIL 10-2247CCC                                        3

his application but was not considered for the position. Id., at 7-8. Once again there is no mention of any of the defendants.

Paragraph 3 refers to "A. Destruction of Evidence by the Agency" and "B. The Non Selection for the GS 14 Position at the Caguas District Office." Alvarez includes a comment from an unidentified "Counsellor" for which there is no explanation or context. Id., at 8-9. There are no allegations as to the defendants.

Paragraph 4 accuses three persons of conspiring to lower plaintiff's evaluation to make it look as if María Maldonado, an SSA-area supervisor, and Awilda Montalvo were better prepared for promotion. Id., at 9. Defendants are not identified as part of the conspiracy.

It is alleged in ¶5 that Darlene Maldonado was given a non-competitive promotion to District Manager of Ponce. Alvarez further alleges that:

> Mr. [Miguel] Negrón violated the Hatch Act by becoming a candidate in a political election for a party with accords with both major political parties in the US (Republicans and Democrats). Ms. Maldonado has used Negrón for political promotions in the Agency. Disman, Córdova, Maldonado, Montalvo and the Social Security Commissioner were co-conspirators with Miguel in the Hatch Act Violations, as all have benefitted from his political connections at the San Juan District Court.

He then returns to his narration of the tale of fraud in the Department of Family audit, wherein plaintiff comments, "[it] would be irresponsible to label Disman/Córdova as the Jesters in Michel J. Astrue['s] Court," whatever that means. He concludes, at page 10, that "[t]heir action in protection and advancement of Darlene Maldonado, Awilda Montalvo and María Z. Maldonado is intended to expand the control of the New Progressive Party in the Area 4, for at least 10 extra years." Although the Commissioner is mentioned in this section, there is nothing that demonstrates political discrimination by him against Alvarez.

Paragraph 6 avers that defendant Holder, "through the Actions of Rosa Emilia Rodríguez-Vélez, has had evidence for the past twelve years of waste, fraud, abuse, and

CIVIL 10-2247CCC				4

civil rights violations presented by Plaintiff, and failed to refer these actions to the Federal Bureau of Investigations."

The Chairman of the Merit System Protection Board (MSPB) is alleged, in ¶7, to have acted to perpetuate waste, fraud, civil rights violations, Hatch Act violation in the Region II of the SSA.  Alvarez also states: "**The MSPB issued a decision that [was] fraudulent and [v]iolated Plaintiff['s] civil rights to protect these actions**."  (Our emphasis).  This last allegation appears to refer to matters about which plaintiff filed four previous lawsuits in the previous ten years, all of which were decided against him.[1]

**The Pleading Standards**

A complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12 (b)(6).  While the Rule 12(b)(6) standard obligates a district court to accept as true well-pleaded allegations in the complaint and to draw reasonable inferences in plaintiffs' favor (see Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002); and Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 51 (1st Cir. 1990)), the 12(b)(6) standard does not require a district court to "swallow the plaintiffs' invective hook, line, and sinker, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996); and Massachusetts School of Law at Andover v. American Bar Association, 142 F.3d 26, 40 (1st Cir. 1998).

---

[1](1)	Cv. 00-1280 (JAF), Manuel Alvarez v. Commissioner of Social Security – Summary judgment was granted as to the Commissioner when plaintiff failed to produce evidence that would support Alvarez' theory that the defendant's reasons for his demotion were a pretext and that the real reason was gender discrimination.

The following actions were dismissed on grounds of *res judicata*:

(2)	Cv. 03-1225 (SEC), Manuel Alvarez v. USA et al;

(3)	Cv. 04-2346 (PG), Manuel Alvarez v. Commissioner of Social Security;

(4)	Cv. 08-1813 (SEC), Manuel Alvarez v. Commissioner of Social Security, et al.

CIVIL 10-2247CCC                                              5

      A district court must examine the plaintiff's complaint to ascertain if it sets forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988); Miranda Otero v. P.R. Indus. Comm'n, 441 F.3d 18, 21-22 (1st Cir. 2006). Courts, moreover, "'will not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. v. Mass Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

      In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967 (2007), the High Court rejected the widely quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which for the last 50 years had the standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In overruling Conley, the Supreme Court required that even under the liberal pleading standard of Fed. R. Civ. P. 8, to survive a motion to dismiss, a complaint must allege "a *plausible* entitlement to relief." Bell Atlantic, 550 U.S. at 559; In re: Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008).

      In Bell Atlantic, the Supreme Court's pleading standard that the factual allegations pleaded in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. The factual allegations which are assumed to be true must do more than create speculation or suspicion of a legally cognizable cause of action; they must demonstrate the *plausibility of entitlement* to relief. Bell Atlantic, 550 U.S. at 555, 557; Sánchez v. Pereira-Castillo, 590 F.3d 31, 41, 48 (1st Cir. 2009). The Supreme Court further observed in Bell Atlantic that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that a plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." 550 U.S. at 556, n. 3.

CIVIL 10-2247CCC                              6

A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555, (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

"[B]are assertions, . . . [which] amount to nothing more than a "formulaic recitation of the elements" of a constitutional [tort], . . . are insufficient to push the plaintiffs' claim beyond the pleadings stage." Maldonado v. Fontanes, 568 F.3d 263, 274 (1st Cir. 2009) (quoting Ashcroft, 129 S.Ct. at 1949; and Bell Atlantic, 550 U.S. at 555). In the Ashcroft decision, the U.S. Supreme Court clarified that the new pleading standards announced in Bell Atlantic and its burial of the old Conley v. Gibson standard covered beyond the antitrust context. The pleading requirements were based on the Supreme Court's interpretation of Fed. R. Civ. P. 8 governing the pleading standards in all civil actions and proceedings in U.S. District Courts, specifically including 42 U.S.C. § 1983 actions like this one, and Bivens actions. Ashcroft, 129 S.Ct. 1937, 1948, 1953 (2009).

The Ashcroft Court reiterated that because vicarious liability is inapplicable to § 1983 suits, "**a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution**." Ashcroft, 129 S.Ct. at 1948-1949; Maldonado, 568 F.3d at 274, n.7. (Our emphasis).

The Supreme Court in Ashcroft noted that in reference to the required pleading requirements for claims of discrimination, where the claim is invidious discrimination in contravention of the First . . . Amendmen[t], our decisions make clear that the **plaintiff must plead and prove that the defendant acted with discriminatory purpose** . . . Under extant precedent purposeful discrimination requires more than "intent as volition or intent as awareness of consequences." . . . It instead involves a decisionmaker's undertaking a

CIVIL 10-2247CCC                                              7

course of action "'because of,' not merely 'in spite of,' [the action's] adverse effects upon an identifiable group." 129 S.Ct. at 1948.

The Supreme Court explicitly rejected the argument made in Ashcroft that a **"supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"**, noting, "Respondent's conception of 'supervisory liability' is inconsistent with his accurate stipulation that petitioners may not be held accountable for the misdeeds of their agents. In a § 1983 suit . . . -- where masters do not answer for the torts of their servants -- the term 'supervisory liability' is a misnomer. Absent vicarious liability, **each Government official**, his or her title notwithstanding, **is only liable for his or her own misconduct.**" Ashcroft, 129 S.Ct. at 949. (Emphasis added).

As the Supreme Court recognized in Ashcroft, while the pleading standard under Rule 8 may not require "detailed factual allegations," **it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." . . . Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."** . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.** The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully . . . **Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"** . . .

Plaintiff's Complaint, to survive muster under the Ashcroft standard, has the obligation of nudging claims of "invidious discrimination 'across the line from conceivable

to plausible.'" 129 S.Ct. at 1951-1952, quoting, Bell Atlantic, 550 U.S. at 570.  A court in making such determination as to whether the Complaint fails to state a claim may properly "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, 129 S.Ct. at 1950.  Accord, Sánchez, 590 F.3d at 49; Maldonado, 568 F.3d at 268.

After disregarding the wholly conclusory language in a complaint that is not entitled to a presumption of truth, a court must then determine whether the factual allegations remaining "plausibly suggest an entitlement to relief." Ashcroft, 129 S.Ct. at 1951; Sánchez, 590 F.3d at 41; and Maldonado, 568 F.3d at 268, 274-275.  Determining whether a complaint states a plausible claim for relief will be a context-specific task "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2); and which was expressly repudiated).

**Analysis**

We note that the disorganized, poorly-expressed complaint makes no allegation that the an EEOC charge was filed as to the Title VII and ADEA claims and that a right to sue letter was issued within 90 days of filing the complaint.  Nor does the complaint request any remedy.  Although Alvarez complains about three jobs to which he aspired – one for which the announcement was canceled, another for which he was unable to submit an on-line application, and the third which was apparently filled without competition – he asks for no remedies.  More important, there are no factual allegations as to either Deborah Miron Chirluson or Erick Holder.  The only thing said about Holder is to attribute to him knowledge of the alleged fraud and other wrongdoing through the acting U.S. Attorney for Puerto Rico, Rosa Emilia Rodríguez, which, as noted above, cannot be considered as wrongdoing by

CIVIL 10-2247CCC                                    9

him.  Beside conclusory statements as to a conspiracy involving Hatch Act violations, in which the Commissioner of Social Security is alleged to have taken part, there are no factually allegations identifying any acts carried out by Astrue.

In sum, Alvarez has failed to allege any substantive facts against any of the three remaining defendants which could breath life into this lawsuit.  For these reasons, this lawsuit is DISMISSED, for failure to state any viable claim as to the remaining defendants.

SO ORDERED.

At San Juan, Puerto Rico, on November 30, 2011.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge